# EXHIBIT A

5:16-cv-03905-JMC    Date Filed 12/14/16    Entry Number 1-1    Page 1 of 19

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ORANGEBURG ) | |
| JOHN W. SMITH and DONNA B. SMITH ) Plaintiff(s) ) | CIVIL ACTION COVERSHEET |
| vs. ) | 2016-CP-38-01252 |
| Universal Property and Casualty Insurance Co., Universal Risk Advisors, Inc., Universal Adjusting Corporation, Janelle Stevens, and The Ulmer Agency, Inc., Defendant(s) ) | |

Submitted By: DAVID R. WILLIAMS
Address: 1281 RUSSELL STREET
ORANGEBURG, SC 29115

SC Bar #: 77899
Telephone #: 803.534.5218
Fax #: 803.928.5190
Other:
E-mail: williamsdr@williamsattys.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ General (130)
☐ Breach of Contract (140)
☒ Fraud/Bad Faith (150)
☐ Failure to Deliver/Warranty (160)
☐ Employment Discrim (170)
☐ Employment (180)
☐ Other (199) ___

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20___-NI-___
☐ Notice/File Med Mal (230)
☐ Other (299) ___

**Torts – Personal Injury**
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Assault/Battery (370)
☐ Slander/Libel (380)
☐ Other (399) ___

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499) ___

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599) ___

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899) ___

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799) ___

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999) ___

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699) ___
☐ Sexual Predator (510)
☐ Permanent Restraining Order (680)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Pre-Suit Discovery (670)

Submitting Party Signature: /s/

Date: October 4, 2016

SCCA / 234 (03/2016)

Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF ORANGEBURG )<br>)<br>JOHN W. SMITH and DONNA B. SMITH )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Universal Property and Casualty Insurance )<br>Co., Universal Risk Advisors, Inc., )<br>Universal Adjusting Corporation, Janelle )<br>Stevens, and The Ulmer Agency, Inc., )<br>)<br>Defendants ) | IN THE COURT OF COMMON PLEAS<br>FIRST JUDICIAL CIRCUIT<br><br>2016-CP-38-01252<br><br>**SUMMONS**<br>**(JURY TRIAL DEMANDED)**<br><br>FILED FOR RECORD<br>WINNIFA B. CLARK<br>CLERK OF COURT<br>ORANGEBURG, SC<br>2016 OCT -4 P 4:25 |

TO: DEFENDANTS ABOVE-NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at 1281 Russell Street, Orangeburg, South Carolina 29115 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

                                      David R. Williams
                                      Virginia W. Williams
                                      WILLIAMS & WILLIAMS
                                      1281 Russell Street
                                      Post Office Box 1084
                                      Orangeburg, S.C. 29116-1084
                                      Phone: (803) 534-5218
                                      Facsimile: (803) 928-5190
                                      williamsdr@williamsattys.com
                                      williamsvw@williamsattys.com
                                      ATTORNEYS FOR PLAINTIFF

October 4, 2016

Orangeburg, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIRST JUDICIAL CIRCUIT |
| COUNTY OF ORANGEBURG ) | |
| ) | |
| JOHN W. SMITH and DONNA B. SMITH ) | 2016-CP-38-01252 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | (JURY TRIAL DEMANDED) |
| Universal Property and Casualty Insurance ) | |
| Co., Universal Risk Advisors, Inc., ) | |
| Universal Adjusting Corporation, Janelle ) | |
| Stevens, and The Ulmer Agency, Inc., ) | |
| ) | |
| Defendants ) | |

Plaintiffs, above-named, complaining of Defendants herein, would allege:

1. Plaintiff is a citizen and resident of Orangeburg County, South Carolina.

2. Defendant Universal Property and Casualty Insurance Co. (hereinafter Defendant Universal) is a corporation organized and existing under the laws of a state other than the State of South Carolina with its principal place of business in a state other than the State of South Carolina; Defendant Universal has several agents for transacting business in Orangeburg County, South Carolina.

3. Defendant Universal Risk Advisors, Inc. (hereinafter Defendant Risk) is a corporation organized and existing under the laws of a state other than the State of South Carolina with its principal place of business in a state other than the State of South Carolina. Upon information and belief, Defendant Risk is a subsidiary of, or otherwise directly connected to, Defendant Universal and thus has several agents for transacting business in Orangeburg County, South Carolina.

4. Defendant Universal Adjusting Corporation (hereinafter Defendant Adjusting) is a corporation organized and existing under the laws of a state other than the State of South

Carolina with its principal place of business in a state other than the State of South Carolina. Upon information and belief, Defendant Adjusting is a subsidiary of, or otherwise directly connected to, Defendant Universal and thus has several agents for transacting business in Orangeburg County, South Carolina.

5. Upon information and belief, Defendant Janelle Stevens (hereinafter Defendant Stevens) is a citizen and resident of the State of Florida.

6. At all times relevant herein, Defendant Stevens was an agent, servant, and/or employee of Defendants Universal, Risk, and/or Adjusting, and was acting within the scope and course of said agency, service, and/or employment thereby making said Defendants responsible for the acts and omissions of Defendant Stevens under the theory of *respondeat superior*.

7. Defendant The Ulmer Agency, Inc. (hereinafter Defendant Agency) is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Calhoun County, South Carolina; Defendant Agency has an office and agency for transacting business in Calhoun County. Upon information and belief, at the time the insurance coverage at issue herein was contracted Defendant Agency had an office in Orangeburg County, State of South Carolina.

8. At all times relevant herein, Defendant Agency was an agent, servant, and/or employee of Defendants Universal, Risk, and/or Adjusting thereby making said Defendants responsible for the acts and omissions of Defendant Agency under the theory of *respondeat superior*.

9. The most substantial part of the acts and/or omissions giving rise to the causes of action stated herein occurred in Orangeburg County, South Carolina.

Page 2 of 14

10. Orangeburg County is the proper venue for this action.

11. On or about June 25, 2015, Plaintiffs' home located at 1195 Cleckley Boulevard, Orangeburg, SC, 29115, caught fire due to an issue with the exhaust pan in the attic, causing complete destruction of the structure, the inside of the home, contents inside the home, and the complete destruction of other dwellings on the property. The fire rendered the home useless to Plaintiffs.

12. As a result of the fire, Plaintiffs' home was determined to be a total loss.

13. At the time of this incident, Plaintiffs had a homeowner's insurance policy with Defendant Universal, Policy No. 6704-0900-0195 (hereinafter Policy).

14. Plaintiffs secured the Policy through the services of Defendant Agency and other Defendant Universal agents.

15. The Policy included the Dwelling, Other Structure, Personal Property, Loss of Use, and Medical Payments coverages.

16. Plaintiffs notified Defendant Universal of the incident on the following day, on or about June 26, 2015. The Claim No. is SC15-0100211 (hereinafter Claim).

17. Upon information and belief, Defendant Stevens, on behalf of Defendants Universal, Risk, and/or Adjusting, was assigned to handle the Claim.

18. Beginning on or about June 29, 2015, Defendant Risk issued several checks to Plaintiff John Smith in attempt to resolve claims under the Policy. Defendant Stevens on behalf of Defendant Adjusting also provided information to Plaintiff John Smith regarding these checks, the amounts, and justification thereof.

19. Plaintiff John Smith consistently disputed Defendants' evaluations of the Claim and never accepted the amounts offered by Defendants as full settlement of the Claim.

20. Defendants were fully aware of Plaintiff John Smith's contentions.

21. Defendants have never offered to tender, much less tendered, full coverages offered under the policy despite sufficient evidence to the contrary.

22. Since the incident occurred, Plaintiffs have provided Defendants with estimates, receipts, invoices, etcetera which reflect that full policy limits are owed on all coverages, promptly complying with Defendants' requests. Such notice included that of Plaintiff Donna Smith's health problems resulting from this incident.

23. Defendant Risk, on behalf of and/or through Defendant Universal, Adjusting and/or Stevens, has offered some checks to Plaintiffs, but far short of policy limits, much less sufficient to compensate for well-documented losses timely and thoroughly provided by Plaintiffs to Defendants.

24. Defendants failed to tender the amount it states it owes to Plaintffs and despite multiple requests for the Defendants to review the issued checks that were deposited versus returned, Defendant has failed to exercise reasonable care in determining the amount effectively issued to Plaintiffs.

25. Furthermore, Defendants actions are in violation of and in complete disregard of S.C. Code Ann. §38-75-20.

26. Defendants were made fully aware of their obligations and their failure to meet such obligations through interactions with Plaintiffs prior to this lawsuit, however Defendants

failed to comply with either their contract of insurance with Plaintiffs or the laws of this State.

27. Plaintiffs have suffered property and personal injury proximately caused by Defendants' actions and inactions; thus, they are entitled to compensation to restore Plaintiffs to the position they were in prior to June 25, 2015.

### FOR A FIRST CAUSE OF ACTION
**(Breach of Contract against Defendant Universal, Risk, and Adjusting)**

28. Plaintiffs re-allege all previous allegations as if fully set forth herein.

29. As described above, Defendant Universal entered into a contract of insurance with Plaintiffs for consideration paid by Plaintiffs to Defendant Universal in exchange for Defendant's issuance of a homeowner's policy to insure Plaintiffs' home against the loss and damage that occurred, not to exceed the limits of the Policy. Further, Defendant Universal contracted with Plaintiffs to provide the particular insurance coverage Plaintiffs needed to protect themselves from the loss or damage of their property as described above.

30. Defendant Universal, individually or by and through the acts/inactions of Defendants Risk Adjusting, and/or its or their employees, breached this contract of insurance by failing to fairly and reasonable adjust the claim, by failing to adequately investigate the loss, by failing to timely adjust and pay the claim, by failing to consider documentation provided by Plaintiffs in support of their claim, and by failing to consider all potential coverages available.

31. As a direct and proximate result of these breaches of care, Plaintiffs suffered damages as set forth above.

### FOR A SECOND CAUSE OF ACTION
(Negligence against All Defendants)

32. Plaintiffs re-allege all previous allegations as if fully set forth herein.

33. Defendants owed Plaintiffs a duty of care to fairly, reasonably and timely adjust, investigate and pay the claim, and to properly handle Plaintiffs' claim arising out of the special relationship and confidence of trust placed on them by Plaintiffs, the covenant and duty of good faith and fair dealing implied as a matter of law in contracts of insurance and arising under the law of barratry not to force Plaintiff to institute and maintain a lawsuit.

34. Defendants breached their duty of care by acting negligently, carelessly, grossly negligent, recklessly, willfully and wantonly in their investigation and handling of Plaintiffs' claims in the following particulars:

    a. In depriving Plaintiff of the benefits of the Policy by acting unfairly and in bad faith;
    b. In failing to fairly adjust the claim;
    c. In willfully refusing to consider the nature, extent, and actual cause of the loss;
    d. In failing to timely and fairly investigate the claim and insurance coverage available under the Policy;
    e. In failing to act as a reasonable and prudent insurance company would have acted under the same or similar circumstances;

    f. In considering improper factors unrelated to the claim and forcing Plaintiffs through the appraisal process and ultimately to commerce legal action;

    g. In using tactics to delay, increase expenses and cause Plaintiffs mental, emotional and physical anguish;

    h. In failing to properly evaluate the claim given the information then available;

    i. In violating their own policies, procedures, and/or guidelines regarding the investigation and handling of such claims;

    j. In placing their own interests ahead of those of their insured; and

    k. In such further and other particulars as to be determined throughout litigation and by this Court at the trial of this matter.

35. Furthermore, Defendant Agency undertook a duty to advise Plaintiffs by assuring Plaintiffs that they would procure insurance that would meet and satisfy Plaintiffs' needs, namely to provide Plaintiffs with replacement cost coverage up to the limits of the policy. Moreover, Defendant Agency knew or should have known their advice was being requested and relied upon by Plaintiffs. Additionally, Defendant Agency knew that Plaintiffs had in fact reposed special trust and confidence in them with respect to their recommendation and selection of coverage for Plaintiffs' needs. By assuming or undertaking the duty to advise Plaintiffs and act as their fiduciary, Defendant Agency was required to exercise due care in giving advice and so acting.

36. Defendant Agency breached its duty of care and thereby acted negligently by failing to procure insurance coverage that met Plaintiffs' needs as evidenced by Defendants

Universal, Risk, and Adjusting's failure to pay policy limits on a total loss as due under the Policy.

37. Furthermore, under the doctrine of apparent authority, Defendants Universal, Risk, and Adjusting are bound by the acts of Defendant Agency, and the agents/employees thereof, because Defendants placed them in a position that led Plaintiffs, people of ordinary prudence, reasonably knowledgeable with business customs, to believe that Defendant Agency had authority to represent that they could and would procure insurance to meet Plaintiffs' needs. Plaintiffs relied on that assumption in purchasing said insurance.

38. As a direct and proximate result of the aforementioned acts and omissions of Defendants, Plaintiff has been greatly damaged as set forth above.

### FOR A THIRD CAUSE OF ACTION
(Bad Faith/Breach of Implied Covenant of Good Faith and Fair Dealing against Defendants Universal, Risk, and Adjusting)

39. Plaintiffs re-allege all previous allegations as if fully set forth herein.

40. Defendants Universal, Risk, and Adjusting acted in bad faith and thereby breached an implied covenant of good faith and fair dealing that arose in the making of the contract of insurance by failing to fairly and reasonable adjust the claim, by failing to adequately investigate the loss, by failing to timely adjust and pay the claim, by failing to consider documentation provided by Plaintiffs in support of their claim, and by failing to consider all potential coverages in play. Defendants had no reasonable basis to support any of its conduct.

41. Defendants also acted willfully and in reckless disregard of Plaintiffs' rights under the insurance policy by engaging in the conduct described above.

42. As a direct and proximate result of Defendants' bad faith, breach of implied covenant of good faith and fair dealing, and willful and reckless conduct, Plaintiffs have been greatly damaged as set forth above.

## FOR A FOURTH CAUSE OF ACTION
(Negligent Misrepresentation against Defendant Agency)

43. Plaintiffs re-allege all previous allegations as if fully set forth herein.

44. Plaintiffs directly informed Defendant Agency and its agents of the coverage needed on their home, including a policy that would pay full replacement cost up to the policy limits.

45. Defendant Agency, by and through its agents/employees/servants, represented to Plaintiffs that the Policy procured for Plaintiffs by Defendant Agency would meet Plaintiffs' specific needs.

46. Defendant Agency, by and through its agents/employees/servants, owed Plaintiffs a duty of care to communicate truthful and accurate information to Plaintiffs.

47. Defendant Agency, by and through its agents/employees/servants, had a pecuniary interest in making the representations in that they earn money by selling Universal's policies.

48. Defendant Agency, by and through its agents/employees/servants, breached their duty by failing to exercise due care and thereby acted negligently.

49. Plaintiffs justifiably relied on Defendant Agency's representations.

50. As a direct and proximate result of Defendant Agency's negligent misrepresentation, Plaintiffs have suffered damages as set forth above.

## FOR A FIFTH CAUSE OF ACTION
### (Promissory Estoppel Against Defendant Agency)

51. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

52. As described above, Defendant Agency unambiguously warranted and promised Plaintiffs that Defendant Universal would provide the requested insurance coverage for damages caused to Plaintiffs' home or that they would procure the coverage necessary to protect Plaintiffs and their home.

53. Defendant Agency expected, intended and foresaw that Plaintiffs would rely on this warranty or promise.

54. Plaintiffs, to their extreme prejudice and detriment, did in fact reasonably rely upon Defendant Agency's warranty or promise, such that Plaintiffs are entitled to recover their above-described damages that were the direct and proximate result of their reliance on Defendant Agency's warranties or promises, and to allow otherwise would be virtually to sanction the perpetration of fraud and would result in other injustice.

## FOR A SIXTH CAUSE OF ACTION
### (Constructive Fraud Against Defendant Agency)

55. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

56. Defendant Agency, by and through its agents, owed Plaintiffs duties of good faith and fair dealing inherent in every contract as well as fiduciary duties as described elsewhere in this Complaint.

57. Defendant Agency breached its duties by making deceptive, material misrepresentations of past or existing facts or remaining silent when a duty to speak existed, and advancing its own interests at the expense of the interest of Plaintiffs.

58. As a direct and proximate result of the reliance of Plaintiffs, Plaintiffs have incurred damages as set forth above.

### FOR A SEVENTH CAUSE OF ACTION
(Breach of Fiduciary Duties Against Defendant Agency)

59. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

60. Defendant Agency, by and through its agents, had and has fiduciary relationships and owed fiduciary duties and obligations to Plaintiffs. Defendant Agency at all times relevant was or should have been aware of the specific expectations and insurance needs of Plaintiffs, its failure to properly investigate the insurance coverage it procured and recommended for Plaintiffs, its failure to properly consider Plaintiffs' expectations and needs, and its failure to properly safeguard the rights and interests of Plaintiffs as described above.

61. Upon information and belief, Defendant Agency, by and through its agents, purposely withheld its knowledge of the above-described from Plaintiffs to the extreme detriment of Plaintiffs, in that by so failing to notify Plaintiffs, Defendant Agency knowingly caused Plaintiffs to become responsible for the damage and destruction of their home, such that

Defendant Agency breached its fiduciary duties owed to Plaintiffs, including but not limited to the duty to perform the contract or promise of providing insurance coverage to Plaintiffs to cover the specific needs of Plaintiffs; the duty not to benefit its own interests ahead of Plaintiffs' and the duty to act with due care to protect Plaintiffs and its interest; all of these breaches have, and continue to proximately cause the above-described damages to Plaintiffs.

### FOR AN EIGHTH CAUSE OF ACTION
(Unfair Trade Practices against all Defendants)

62. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

63. Defendants' conduct was deceptive or unfair and did in fact deceive Plaintiffs.

64. Defendants' deceptive acts, including but not limited to the acts, representations, and omissions set forth above, constitute unfair and deceptive acts or practices in the conduct of commerce and trade. Defendants' conduct in this regard has been immoral, unethical, oppressive, and unscrupulous and has caused substantial injury to Plaintiffs.

65. Defendants' conduct adversely impacted the public interest by unfairly and deceptively valuing an insurance claim, thereby skewing the insurance market and setting up a precedent to further devalue other claims, and is capable of repetition if not gone unchecked by the South Carolina Unfair Trade Practices Act.

66. Defendants knew or should have known that their conduct violated or would be a violation of the Act and, as such, was a willful violation of the Act.

67. As a result of the foregoing unfair or deceptive methods and practices, Plaintiffs have been, and continue to, be injured.

### FOR A TENTH CAUSE OF ACTION
### (Outrage)

68. Plaintiffs reiterate the allegations contained above as fully and completely as if repeated verbatim herein.

69. Defendants, by and through the acts and/or omissions of their agents, servants, and/or employees, intentionally or recklessly inflicted severe emotional distress on Plaintiffs, or Defendants were substantially certain that their actions would cause Plaintiffs to suffer severe emotional distress.

70. Defendants' extreme, outrageous, and atrocious actions exceeded all possible bounds of decency and are intolerable in a civilized community.

71. As a direct and proximate result of the Defendants' extreme and outrageous conduct, Plaintiffs have suffered extreme and severe emotional distress, nervousness, and anxiety and other damages as described above.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual and punitive damages, attorneys' fees, for a declaratory judgment as requested above, for the costs and disbursements of this action, and for such other and further relief as this Court may deem just and proper.

                                                     /s/ David Williams

David Williams
Virginia W. Williams
WILLIAMS & WILLIAMS
P.O. Box 1084
1281 Russell Street
Orangeburg, South Carolina
Phone: 803.534.5218
Facsimile: 803.928.5190
david@williamsattys.com
ginny@williamsattys.com

October __, 2016
Orangeburg, South Carolina           ATTORNEYS FOR PLAINTIFF

**Williams & Williams**
ATTORNEYS AT LAW
POST OFFICE BOX 1084
ORANGEBURG, SOUTH CAROLINA 29116-1084

Universal Risk Advisors, Inc.
c/o Mr. Thomas Salane
Registered Agent
1901 Main Street, 17th Floor
Columbia, SC 29201

7016 1370 0000 8500 0745